IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| HARRY PENNINGTON III, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLUOR CORPORATION, FLUOR ENTERPRISES, INC. and SCANA CORPORATION,<br><br>Defendants. | CASE NO.   0:17-02094-JMC |

**CLASS ACTION COMPLAINT FOR**
**VIOLATION OF WARN ACT, 29 U.S.C. § 2101, *ET SEQ*.**

Plaintiff Harry Pennington III ("Plaintiff") alleges on behalf of himself and a class of similarly situated former employees of Fluor Enterprises, Inc., Fluor Corporation (together, "Fluor") and SCANA Corporation ("SCANA" and together with Fluor, the "Defendants"), by and through his counsel as follows:

**NATURE OF THE ACTION**

1. Plaintiff was an employee of Defendants for purposes of the WARN Act until his termination along with approximately 5000 other employees on or about July 31, 2017.

2. Plaintiff did not receive any advance written notice of his termination.

3. Plaintiff brings this action on behalf of himself, and the other similarly situated former employees of Defendants who worked at, reported to, or received assignments from the VC Summer Nuclear Station (the "Facility"), located at Highway 215 & Bradham Blvd, Jenkinsville, South Carolina 29065, who were terminated without cause, as part of, or as the foreseeable result of, plant closings or mass layoffs ordered by Defendants on or around July 31, 2017, and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

4. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

6. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5) and 28 U.S.C. § 1391.

7. Assignment in the Rock Hill Division is appropriate because a substantial part of the events or omissions giving rise to the claim occurred in Jenkensville, South Carolina, which is in Fairfield County.

## THE PARTIES

### *Plaintiff*

8. Plaintiff Harry Pennington III was an employee of Defendants and worked at the VC Summer Nuclear Station until his termination on or about July 31, 2017.

*Defendants*

9. Defendant Fluor Corporation is a Delaware corporation with its principal place of business located at 6700 Las Colinas Boulevard Irving, Texas 75039.

10. Defendant Fluor Enterprises, Inc., is a California corporation with its principal place of business located at 3 Polaris Way Aliso Viejo, California 92698.

11. Upon information and belief, Fluor Enterprises, Inc. is a subsidiary of Fluor Corporation.

12. Defendant SCANA Corporation is a South Carolina corporation with its principal place of business located at 100 SCANA Parkway, Cayce, South Carolina 29033.

13. Upon information and belief, SCANA Corporation was responsible for funding the payroll of the terminated employees and ordered the termination of Plaintiff and all similarly situated employees.

14. Upon information and belief, Defendants conducted or transacted business in this district.

15. On or about July 31, 2017, Defendants terminated without notice the employment of approximately 5000 employees who worked at, reported to, or received assignments from the Facility.

## WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104

16. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, reported to, or received assignments from one of Defendants' Facilities and were terminated without cause on or about July 31, 2017, and within 30 days of that date, or were terminated without cause as the

reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about July 31, 2017, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

17. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

18. On information and belief, Defendants employed approximately 5,000 employees at the Facility.

19. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

20. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

21. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of the Defendants who worked at, reported to, or received assignments from Defendants' Facility;

    (b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c)     whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

22.     The Plaintiff's claims are typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at, reported to, or received assignments from the Defendants' Facility and was terminated without cause on or about July 31, 2017, due to the mass layoffs and/or plant closings ordered by Defendants.

23.     The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

24.     On or about July 31, 2017, Defendants terminated the Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days advance written notice under the WARN Act.

25.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly because this is a WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

26. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

27. The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

28. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

30. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

31. On or about July 31, 2017, Defendants ordered mass layoffs and/or plant closings at the Facility, as those terms are defined by 29 U.S.C. § 2101(a)(2).

32. The mass layoffs or plant closings at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

6

33.     The Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

34.     The Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

35.     Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

36.     Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

37.     The Plaintiff and each of the Class Members, are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

38.     Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

39.     The relief sought in this proceeding is equitable in nature.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

A.     Certification of this action as a class action;

B.     Designation of the Plaintiff as the Class Representative;

C.     Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(A); and

E. Such other and further relief as this Court may deem just and proper.

DATED: August 8, 2017

Respectfully submitted,

By: __s/ Lucy C. Sanders__
Lucy C. Sanders, Esq.
**BLOODGOOD & SANDERS, LLC**
242 Mathis Ferry Road, Suite 201
Mt. Pleasant, South Carolina 29464
Telephone: (843) 972-0313

Jack A. Raisner, Esq.
René S. Roupinian, Esq.
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
*Pro Hac Vice Motion Forthcoming*

*Attorneys for Plaintiff and the putative class*