# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Harry Pennington, III, on behalf of himself and all others similarly situated, ) ) ) | Civil Action No.: 0:17-cv-02094-JMC |
| Plaintiff, ) ) | **ORDER** |
| vs. ) ) | |
| Fluor Corporation, Fluor Enterprises, Inc., and SCANA Corporation, ) ) ) | |
| Defendants. ) ) | |

This matter is before the court pursuant to Defendant SCANA Corporation's Motion to Seal. (ECF No. 11.) Defendant seeks the court's leave to file under seal Exhibit A to its Answer to Plaintiff's Complaint. (ECF No. 11)

In considering a motion for leave to file under seal, the court must determine whether the party seeking to file under seal has complied with the requirements of Local Civil Rule 5.03 D.S.C. If the court finds that the party seeking leave to file under seal has complied with the requirements of the rule, the court, in its discretion, may grant leave if it finds that the public's right to access the document is outweighed by the competing need to seal the document. See Ashcraft v. Conoco, Inc., 218 F.2d 288, 302 (4th Cir. 2000). Furthermore, in order to seal the document, the court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." Id. "Docketing the motion in a manner that discloses its nature as a motion to seal" satisfies the public notice requirement. Local Civil Rule 5.03(D) D.S.C.

Upon review, the court finds Defendant complied with the requirements of Local Rule 5.03. Defendant's motion was filed on September 13, 2017. (ECF No. 11.) The motion includes a descriptive, non-confidential description of the document Defendant seeks to file under seal. (Id.) The document sought to be filed under seal is protected from disclosure by Nuclear Regulatory Commission regulations. (ECF No. 11.) See also 10 C.F.R. § 73.56(m)(1) (2016). The time since the motion's filing provided a sufficient period of public notice, and no one has objected to this document being sealed.

As required by Ashcraft, the court has considered whether less drastic alternatives to sealing the documents exist but finds no reasonable less drastic alternative is available. Granting leave to seal is necessary to prevent disclosure of the document. The court finds that Defendant's interest in non-disclosure of such information outweighs the public's right to access the document. Thus, the court finds that the nature of the information in the document at issue requires that the document be sealed.

Therefore, the court **GRANTS** Defendant's Motion to Seal. (ECF No. 11.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 13, 2017

Columbia, South Carolina