# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Harry Pennington, III, *on behalf of himself and all others similarly situated*; and Timothy Lorentz, *on behalf of himself and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> Fluor Corporation, Fluor Enterprises, Inc., SCANA Corporation, Fluor Daniel Maintenance Services, Inc., South Carolina Electric & Gas Company, <br><br> Defendants. | Civil Action No.: 0:17-cv-02094-JMC <br><br> **ORDER** |
| Lawrence Butler, Lakeisha Darwish, Darron Eigner, Jr., Bernard A. Johnson, and Jimi Che Sutton, <br><br> Plaintiffs, <br><br> v. <br><br> Fluor Corporation and Fluor Enterprises, Inc., <br><br> Defendants. | Civil Action No.: 0:17-cv-02201-JMC <br><br> **ORDER** |

This matter is before the court for review of Fluor Corporation, Flour Enterprises, Inc., and Fluor Daniel Maintenance Services, Inc.'s (collectively, "Fluor Defendants") Motions to Compel filed on February 1, 2019. (ECF Nos. 87, 141.) Within their Motions, Fluor Defendants seek "complete discovery responses from [n]amed Plaintiffs Darron Eigner, Jr. ("Eigner") and Bernard A. Johnson ("Johnson")." (ECF No. 87 at 1–2; ECF No. 141 at 1–2.) Plaintiffs Lawrence Butler, Lakeisha Darwin, Eigner, Johnson, and Jimi Che Sutton (collectively, "Butler Plaintiffs") responded to Fluor Defendants' Motion on February 15, 2019. (ECF No. 142.) Butler Plaintiffs

1

request the court to refuse to completely dismiss Eigner and Johnson from the instant action, but "issue an order compelling Johnson and Eigner to respond to the Fluor [Defendants'] [d]iscovery [r]equests within a reasonable time following the order or they will be removed as named plaintiffs while maintaining their eligibility to be class members." (*Id.* at 4, 8.) For the reasons stated herein, the court **GRANTS IN PART** and **DENIES IN PART** Fluor Defendants' Motions to Compel (ECF Nos. 87, 141). Specifically, the court **GRANTS** Defendants' Motions to the extent that (1) Eigner and Johnson must respond to discovery requests, but **DENIES WITHOUT PREJUDICE** (1) Fluor Defendants' request to dismiss Eigner and Johnson from the action, and (2) Fluor Defendants' request for an award of attorney's fees and costs relating to the Motions to Compel (ECF Nos. 87, 141). Therefore, the court **ORDERS** Eigner and Johnson to adequately respond to Fluor Defendants' discovery requests by **May 10, 2019, at 5:00 p.m.**, and **ORDERS** the removal of Eigner and Johnson as named Plaintiffs in this action if they do not respond by **May 10, 2019, at 5:00 p.m.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Butler Plaintiffs commenced this action in the United States District Court for the District of South Carolina on August 8, 2017. (ECF No. 1.) Within their Complaint, Butler Plaintiffs allege that Fluor Defendants committed violations of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101–2109.[1] (*Id.* at 3–7 ¶¶ 16–39.) Specifically, Butler Plaintiffs contend that "[Fluor] Defendants failed to give [Butler Plaintiffs] written notice that complied with the requirements of the WARN Act." (*Id.* at 7 ¶ 36.) Butler Plaintiffs seek "the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay,

---

[1] The WARN Act prohibits an employer from closing a plant or causing a mass layoff "until a 60-day period after the employer serves written notice of such an order . . . ." 29 U.S.C. § 2102(a).

pension and 401(k) contributions and other [Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161–1169,] benefits, for 60 days, that would have been covered and paid under then-applicable employee benefit plans . . . , all determined in accordance with the WARN Act . . . ." (*Id.* at 8.)

Fluor Defendants filed the instant Motions to Compel on February 1, 2019. (ECF Nos. 87, 141.) Fluor Defendants maintain that "Eigner and Johnson have not provided complete discovery responses to Fluor Defendants' initial discovery requests, which were originally due more than four months ago, as required by Federal Rules of Civil Procedure 33(b) and 34(b)(2)." (ECF No. 87 at 5; ECF No. 141 at 5.) Purportedly, Eigner and Johnson's initial discovery responses, which were served on October 1, 2018, only "contained . . . general, boilerplate objections." (ECF No. 87 at 5; ECF No. 141 at 5.) Despite Eigner and Johnson receiving five extensions over a four month period, Fluor Defendants argue that "[n]either Eigner nor Johnson has provided any responsive information or documents to date . . . ." (ECF No. 87 at 5; ECF No. 141 at 5.) Because of Eigner and Johnson's noncompliance with responding to discovery requests and their own legal counsel, Fluor Defendants contend that Eigner and Johnson "have abandoned their interest in participating in this lawsuit" and should, therefore, be dismissed from the case. (ECF No. 87 at 5–6; ECF No. 141 at 5–6.) In addition to responses to their initial discovery requests, Fluor Defendants also seek "payment of all reasonable expenses," including "attorneys' fees, costs, and any further relief the [c]ourt deems just and proper." (ECF No. 87 at 5–6; ECF No. 141 at 5–6.)

Butler Plaintiffs responded to Fluor Defendants' Motion on February 15, 2019. (ECF No. 142.) Butler Plaintiffs admit that there is "difficulty [in] finalizing responses from Johnson and Eigner." (ECF No. 142 at 3.) Butler Plaintiffs expressly concede that the court should "issue an order compelling Johnson and Eigner to respond to the [] [d]iscovery [r]equests within a

3

reasonable time following the order[,]" but should refuse to dismiss Eigner and Johnson from the instant case and, instead, remove them as "named plaintiffs" in the event they do not respond to Fluor Defendants' discovery requests. (*Id.* at 4, 8.) According to Butler Plaintiffs, the dismissal of Eigner and Johnson is improper because there is no evidence of bad faith or dilatory behavior; Fluor Defendants "can hardly show prejudice . . . when the vast majority of the discovery requests seek information that . . . Fluor Defendants already possess"; and there are less drastic alternatives, which are likewise effective, to dismissing Eigner and Johnson from the action. (*Id.* at 4–7.)

Fluor Defendants replied to Butler Plaintiffs' Response on February 22, 2019. (ECF Nos. 90, 144.) Fluor Defendants emphasized that the parties only "disagree with respect to the impact of [Eigner and Johnson's] failure to comply with the [c]ourt's Order." (ECF No. 90 at 2; ECF No. 144 at 2.) Moreover, Fluor Defendants submit that their possession of "some of the documents or information requested from Eigner and Johnson is not a valid basis for objection to [their] discovery requests." (ECF No. 90 at 2; ECF No. 144 at 3.) Lastly, Fluor Defendants believe that the removal of Eigner and Johnson as named plaintiffs would not serve as "an effective sanction" and "would not serve to deter any additional class members from ignoring [their] discovery requests . . . ." (ECF No. 90 at 2; ECF No. 144 at 4.) Lastly, Fluor Defendants clarified that they do not seek immediate dismissal of Eigner and Johnson, but do seek dismissal if they fail to comply with the court's Order compelling them to respond to their discovery requests. (ECF No. 90 at 2, 4; ECF No. 144 at 2, 4.) Because this matter has been extensively briefed and argued, it is now ripe for the court's review. *See generally Sauls v. Wyeth Pharm., Inc.*, 846 F. Supp. 2d 499, 501 (D.S.C. 2012) ("The parties have fully briefed the issues, and this matter is ripe for consideration.").

4

## II. LEGAL STANDARD

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

However, a party may not discover "documents and tangible things that are prepared *in anticipation of litigation*" unless "they are otherwise discoverable under Rule 26(b)(1)" and the moving party shows "that it has *substantial need* for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." FED. R. CIV. P. 26(b)(3) (emphasis added). Generally, the scope of discovery under Rule 26 is broad. *See Moore v. Bass Pro Outdoor World, LLC*, C/A No. 2:17-cv-3228-RMG, 2018 WL 2980328, at *1 (D.S.C. June 14, 2018) (citations omitted).

A moving party may move to compel discovery if the opposing party fails to make a requested disclosure, including an inadequate answer or production. FED. R. CIV. P. 37(a)(3). For example, when a party declines to answer an interrogatory or comply with a request for production, the serving party "may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The court must treat an "evasive or incomplete disclosure, answer, or response . . . as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). Unless an objection is justified, the court "must order that an answer be served." FED. R. CIV. P. 36(a)(6). Federal district courts have "wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 683 (4th Cir. 1986). *See also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.,*

*Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). Therefore, using its discretion, the court may "accept, at face value, a party's representation that it has fully produced all materials that are discoverable." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 637 (D. Minn. 2000).

### III. DISCUSSION

As an initial matter, there is a mutual consensus between the parties that Eigner and Johnson have failed to comply with Fluor Defendants' discovery requests. (*Compare* ECF No. 87 at 5, *and* ECF No. 141 at 5, *with* ECF No. 142 at 3–4, 8.) This is so because Fluor Defendants, all of whom take issue with Eigner and Johnson's "general, boilerplate objections," "seek an [o]rder compelling Eigner and Johnson to respond fully to Fluor Defendants' initial discovery requests." (ECF No. 87 at 5; ECF No. 141 at 5.) Butler Plaintiffs do not suggest that their "general, boilerplate objections" were permissible, but, instead, disagree with "the drastic punishment" of removing Eigner and Johnson from the action. (ECF No. 142 at 4, 8.) Tellingly, Butler Plaintiffs ask the court to "order that, if [Eigner and Johnson] do not respond to [] Fluor Defendants' [d]iscovery [r]equests within the time required by the [c]ourt, they will be removed as named plaintiffs while maintaining their eligibility to be class members." (*Id.* at 8.) Accordingly, as there is not a dispute about whether Eigner and Johnson should affirmatively comply with and respond to Fluor Defendants' discovery requests, the court grants Fluor Defendants' motion in this regard.

Having determined that Eigner and Johnson must comply with Fluor Defendants' discovery requests, the court must next determine whether it should issue a sanction. *See* FED. R. CIV. P. 37(d)(1)(A)(ii) ("The court where the action is pending may, on motion, order sanctions if: . . . (a) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."). Rule 37 provides a federal district court "wide discretion to impose sanctions for a party's failure to comply

with its discovery orders." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Federal district courts are permitted to utilize the sanctions outlined in Rule 37(b)(2)(A)(i)–(vii). However, federal district courts also "have the authority to dismiss cases under Federal Rules of Civil Procedure 37 and 41 as part of courts' 'comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse.'" *LaFleur v. Dollar Tree Stores, Inc.*, C/A No. 2:12–cv–00363, 2014 WL 37662, at *3 (E.D. Va. Jan. 3, 2014) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991)). To determine if dismissal of Eigner and Johnson from the action is proper, the court must consider the following factors:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (quoting *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)). First, Fluor Defendants do not suggest or provide any evidence that Butler Plaintiffs, specifically Eigner and Johnson, have acted in bad faith in their failure to provide sufficient discovery requests. (*See* ECF Nos. 90, 144.) Thus, at best, the first factor is inconsequential upon the court.

Second, as it relates to prejudice, the court is concerned that Eigner and Johnson have waited over four (4) months to respond to Fluor Defendants' discovery requests. But, in accordance with precedent from the United States Court of Appeals for the Fourth Circuit, the prejudice inquiry is meant to address "the materiality of the evidence" that Eigner and Johnson failed to produce. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (quoting *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)). Here, Eigner and Johnson were each provided with Fluor Defendants' First Set of Interrogatories. (ECF Nos. 87-1, 87-2, 141-1, 141-2.) Within

7

those First Set of Interrogatories, Fluor Defendants sought the following information from Eigner and Johnson: (1) descriptions, recordings, and statements involving any conversations, but not those with legal counsel, about the lawsuit; (2) relevant documents to their claims against Fluor Defendants, including those relating to their layoffs and the shutdown of the plant; (3) attempts to obtain employment between March 1, 2017, and August 1, 2017; and (4) any previous legal actions and criminal history. (ECF Nos. 87-1, 87-2, 141-1, 141-2.) Fluor Defendants' First Set of Interrogatories seek material evidence from Eigner and Johnson because the answers to those questions would reveal additional evidence that may not be in the possession of Fluor Defendants and, possibly, consequential to the lawsuit. However, as somewhat pointed out by Butler Plaintiffs, Fluor Defendants are likely in possession of *some of* the information they seek from Eigner and Johnson. (ECF No. 142 at 4.) Accordingly, this factor does not favor dismissing Eigner and Johnson from the action.

Third, given that this is a class action, deterrence is necessary to ensure the efficient and smooth resolution of the proceedings. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) ("[T]he class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23." (quoting *Califano v. Tamasaki*, 442 U.S. 682, 701 (1979))). Nevertheless, while it is important that all class members are cooperative with the court, there are other mechanisms at the court's disposal, besides dismissal, for any non-compliance during discovery and to deter any misconduct. *See Campbell v. Nat'l R.R. Passenger Corp.*, 309 F.R.D. 21, 27–28 (D.D.C. 2015) (finding that the dismissal of two plaintiffs, participating in a class action, was not warranted when they failed to appear at their depositions, and another sanction would serve the goal of deterrence). Thus, the third factor does not favor dismissing Eigner and Johnson from the action, and deterrence

may be achieved by other means. *Id.* The court weighs this factor heavily because dismissal is a drastic sanction. *See id.*

Lastly, as it concerns the effectiveness of less drastic alternatives, Butler Plaintiffs have pointed out that removing Eigner and Johnson as named plaintiffs is a less drastic sanction because it would deprive them from receiving a service fee. (ECF No. 142 at 7.) In the class action context, dismissing class members is considered a drastic sanction, and federal courts have refused to dismiss class members when equally effective sanctions are available and dismissal is not proportional to the guilty party's action. *See Campbell*, 309 F.R.D. at 25–26. Under these facts, because there is not indication that noncompliance with Fluor Defendants' discovery requests is widespread, removing Eigner and Johnson as named plaintiffs would deprive them of a service fee and representation of the overall class. The court discerns this sanction to be an effective alternative to dismissal, and, therefore, finds that this factor does not favor the dismissal of Eigner and Johnson. *See Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 186–87 (D.C. Cir. 1985) ("Since our system favors the disposition of cases on the merits, dismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success." (citations omitted)). Given the consequences of dismissal, the court also weighs this factor heavily.

On balance, the first factor is inconsequential, the second factor is in favor of dismissal, and the third and fourth factors, which are given heavy weight, do not favor the dismissal of Eigner and Johnson for non-compliance during the early discovery process. *See generally Capellupo v. FMC Corp.*, 126 F.R.D. 545, 552 (D. Minn. 1989) ("The most severe sanction available to the [c]ourt is default and dismissal. . . . The [c]ourt must consider default and dismissal as a last resort if no alternative remedy by way of a lesser, but equally efficient, sanction is available." (citations omitted)). The court is not convinced that Fluor Defendants have met the high standard of showing

9

that the dismissal of Eigner and Johnson is warranted. *See also Harden v. Sigelbaum*, C/A No. AW–09–3166, 2011 WL 1322521, at *2 (D. Md. Apr. 1, 2011) ("The [c]ourt is convinced that in the instant case, the [p]laintiff's actions did not meet this high standard."). For these reasons, taken together, the court declines to dismiss Eigner and Johnson from the action, however, the court will (1) order the removal of Eigner and Johnson as named Plaintiffs if they do not respond to Fluor Defendants' discovery requests by May 10, 2019, at 5:00 p.m. and (2) reconsider an award of attorney's fees and costs relating to the Motions to Compel (ECF Nos. 87, 141) as requested by Fluor Defendants if Eigner and Johnson fail to timely respond.

### IV. CONCLUSION

After a careful review of Fluor Defendants' Motion and Butler Plaintiffs' Response, the court **GRANTS IN PART** and **DENIES IN PART** Fluor Defendants' Motions to Compel (ECF Nos. 87, 141). Specifically, the court **GRANTS** Defendants' Motions to the extent that (1) Eigner and Johnson must respond to discovery requests, but **DENIES WITHOUT PREJUDICE** (1) Fluor Defendants' request to dismiss Eigner and Johnson from the action, and (2) Fluor Defendants' request for an award of attorney's fees and costs relating to the Motions to Compel (ECF Nos. 87, 141). Therefore, the court **ORDERS** Eigner and Johnson to adequately respond to Fluor Defendants' discovery requests by **May 10, 2019, at 5:00 p.m.**, and **ORDERS** the removal of Eigner and Johnson as named Plaintiffs in this action if they do not respond by **May 10, 2019, at 5:00 p.m.**

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 3, 2019
Columbia, South Carolina