**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| Harry Pennington, III, *on behalf of himself and all others similarly situated*; and Timothy Lorentz, *on behalf of himself and all others similarly situated*, | ) ) ) ) ) | Civil Action No.: 0:17-cv-02094-JMC **ORDER AND OPINION** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| Fluor Corporation, Fluor Enterprises, Inc., SCANA Corporation, Fluor Daniel Maintenance Services, Inc., South Carolina Electric & Gas Company, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| Lawrence Butler, Lakeisha Darwish, Darron Eigner, Jr., Bernard A. Johnson, and Jimi Che Sutton, | ) ) ) ) | Civil Action No.: 0:17-cv-02201-JMC **ORDER AND OPINION** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Fluor Corporation and Fluor Enterprises, Inc., | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court for review of Plaintiffs Harry Pennington, III and Timothy

Lorentz's ("Pennington Plaintiffs") Motion for a Supplemental Order Approving the Sending of

Notice of Class Certification and Related Relief, which was filed on February 20, 2019. (ECF Nos.

89, 143.) Defendants SCANA Corporation and South Carolina Electric & Gas Company

("SCANA Defendants") responded in opposition to the Motion on March 6, 2019, arguing that

Pennington Plaintiffs' Motion is premature and class notice should not issue until after the

resolution of any future summary judgment motions. (ECF Nos. 93, 147.) Defendants Fluor

1

Corporation, Fluor Enterprises, Inc., and Fluor Daniel Maintenance Services, Inc. ("Fluor Defendants") also responded in opposition to Pennington Plaintiffs' Motion, only maintaining that there are deficiencies contained within the proposed class notice and not taking a position regarding the timeliness of the notice. (ECF Nos. 94, 148.) Pennington Plaintiffs replied to both SCANA Defendants and Fluor Defendants on March 13, 2019, submitting that class notice should be sent to class members and correcting issues raised by Fluor Defendants as to the contents of the notice. (ECF Nos. 97, 151.) After careful consideration of all the parties' positions, the court **GRANTS IN PART** and **DENIES IN PART** Pennington Plaintiffs' Motion for a Supplemental Order Approving the Sending of Notice of Class Certification and Related Relief (ECF Nos. 89, 143). Specifically, the court **GRANTS** Pennington Plaintiffs' request to send class notice at this time, but the court **DENIES** the dissemination of the original notice put forth by Pennington Plaintiffs in their Motion. However, the court **GRANTS** the sending of class notice that conforms with Pennington Plaintiffs' Reply Memorandum of Law (ECF Nos. 97, 151) and this court's Order and Opinion. Further, the court **ORDERS** Fluor Defendants, SCANA Defendants, and Pennington Plaintiffs to comply with a list of mandates included at the end of this court's Order and Opinion. *See infra* Part IV. For the convenience of the parties, the approved notice is attached to the court's Order and Opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pennington Plaintiffs commenced this action in the United States District Court for the District of South Carolina on August 8, 2017, and it concerns the layoff of approximately five thousand (5,000) employees from the V.C. Summer Nuclear Station ("VC Summer") located in Jenkinsville, South Carolina. (ECF Nos. 1, 41.) Within their Amended Complaint, filed on October 25, 2017, Pennington Plaintiffs allege that Fluor and SCANA Defendants committed violations of

the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101–2109.[1] (ECF No. 41 at 2–3 ¶¶ 1–10.) Specifically, Pennington Plaintiffs contend that "[Fluor and SCANA] Defendants failed to give [] [Pennington Plaintiffs] and the [c]lass members written notice that complied with the requirements of the WARN Act." (*Id.* at 22 ¶ 124.) Pennington Plaintiffs seek "the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other [Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161–1169,] benefits, for 60 days, that would have been covered and paid under then-applicable employee benefit plans . . . , all determined in accordance with the WARN Act . . . ." (*Id.* at 23.)

On July 18, 2018, the court filed its Order and Opinion granting Pennington Plaintiff's Motion for Class Certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure. (*See* ECF No. 133.) *See also Pennington v. Fluor Corp.*, 327 F.R.D. 89, 94–95 (D.S.C. 2018). After the court's certification of the class, on February 20, 2018, Pennington Plaintiffs filed their Motion for a Supplemental Order Approving the Sending of Notice of Class Certification and Related Relief. (ECF Nos. 89, 143.) Within their Motion, Pennington Plaintiffs state that they waited to address the issuance of class notice in this action because, a few months ago, the United States Bankruptcy Court for the Southern District of New York was actively considering motions for class certification and transfer of venue in a parallel WARN action ("WARN Bankruptcy Cases") against the debtors of Westinghouse Electric Company, LLC[2] ("Westinghouse"), which

---

[1] The WARN Act prohibits an employer from closing a plant or causing a mass layoff "until a 60-day period after the employer serves written notice of such an order . . . ." 29 U.S.C. § 2102(a).
[2] According to the Amended Complaint, Plaintiff Timothy Lorenz was employed by Westinghouse Electric Company, LLC while working at VC Summer, however, Westinghouse Electric Company, LLC filed for bankruptcy on March 29, 2017, and, therefore, is not a party to the instant action. (ECF No. 41 at 2 ¶ 2, 4 ¶ 15, 8–9 ¶¶ 45–46.)

3

implicated the parties before this court. (ECF No. 89 at 2–3; ECF No. 143 at 2–3.) However, the WARN Bankruptcy Cases were recently stayed by the New York federal court, pending resolution of the action before this court. (*See* ECF No. 89 at 2–3; ECF No. 143 at 2–3.) *See also In re Westinghouse Electric Co.*, C/A No. 18-cv-1786 (AJN), 2019 WL 1375670, at *2–5 (S.D.N.Y. Mar. 27, 2019). Pennington Plaintiffs maintain that class notice is required for (1) the direct employees of Westinghouse with claims against SCANA Defendants and (2) the direct employees of Fluor with claims against Fluor and SCANA Defendants. (ECF No. 89 at 3; ECF No. 143 at 3.) With the WARN Bankruptcy Cases stayed, Pennington Plaintiffs submit that "[n]ow is the appropriate time to send notice" because class members will not receive two class notices from two different, federal courts. (ECF No. 89 at 3; ECF No. l43 at 3.)

After arguing that delaying class notice until the resolution of liability issues is improper, Pennington Plaintiffs assert that their proposed notice meets the legal standard of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, which proscribes sufficient notice for class actions arising under Rule 23(b)(3). (ECF No. 89 at 5 (citing ECF No. 89-2); ECF No. 143 at 5 (citing ECF No. 143-2).) Pennington Plaintiffs specifically state that their proposed notice "discloses the identifies of the class representatives and class counsel, advises the class members of their right to opt out, and provides them a clear mechanism for doing so." (ECF No. 89 at 5; ECF No. 143 at 5.) Lastly, Pennington Plaintiffs turn to the appropriate transmission of class notice and propose "a multi-stage effort to achieve notice to the class . . . ." (ECF No. 89 at 6; ECF No. 143 at 6.) First, Pennington Plaintiffs suggest delivering class notice by First-Class Mail using current addresses. (ECF No. 89 at 6; ECF No. 143 at 6.) Secondly, for those addresses that have "grown stale," Pennington Plaintiffs request Fluor and SCANA Defendants to provide the phone numbers and email addresses for class members, so that they can deliver class notice through email or use phone

numbers in order to obtain correct addresses, directly from class members, for undeliverable mail. (ECF No. 89 at 6–7; ECF No. 143 at 6–7.) Because their notice purportedly conforms with the Federal Rules of Civil Procedure, Pennington Plaintiffs request the court to approve the form and manner of their proposed notice to class members. (ECF No. 89 at 7; ECF No. 143 at 7.)

On March 6, 2019, SCANA Defendants responded in opposition to Pennington Plaintiffs' Motion. (ECF Nos. 93, 147.) SCANA Defendants argue that "issuing class notice at this juncture of the case is premature" because Rule 23(c)(2)(B) "does not specify a time by which notice must be sent[,]" and the court has not decided whether SCANA Defendants "are a single employer with Fluor [Defendants] or Westinghouse, at which point the nature of the action, the class definition, and the claims, issues, or defenses subject to class treatment can be more clearly and concisely stated in accordance with Rule 23(c)(2)(B)." (ECF No. 93 at 4; ECF No. 147 at 4.) SCANA Defendants, essentially, submit that the unresolved issue of single employer liability should foreclose the immediate issuance of class notice "until the parties have completed the liability phase of discovery and the single-employer issue is resolved on summary judgment." (ECF No. 93 at 5–6; ECF No. 147 at 5–6.) SCANA Defendants heavily rely upon *Guippone v. BH S&B Holdings LLC*, No. 09 Civ. 1029(CM), 2011 WL 1345041, at *8 (S.D.N.Y Mar. 30, 2011). (ECF No. 93 at 5–6; ECF No. 147 at 5–6.) Bringing their first policy argument, SCANA Defendants further stress that premature class notice "could potentially result in irreparable legal harm and unnecessary practical consequences" because the parameters of Rule 23(c)(2)(B) cannot be "clearly defined" until after the summary judgment stage, thereby making another class notice "highly confusing" to class members. (ECF No. 93 at 6; ECF No. 147 at 6.) Lastly, in a second policy argument, SCANA Defendants maintain that class notice would place "class members in a difficult and potentially prejudicial position" to decide whether to remain in or opt out of the action

because certain aspects of the litigation may change. (ECF No. 93 at 6–7; ECF No. 147 at 6–7.)

Fluor Defendants also responded in opposition to Pennington Plaintiffs' Motion on March 6, 2019. (ECF Nos. 94, 148.) Unlike SCANA Defendants, Fluor Defendants do not contest the timeliness of class notice, but only challenge alleged deficiencies contained within Pennington Plaintiffs' proposed notice. (ECF No. 94 at 1–2; ECF No. 148 at 1–2.) Arguing that Pennington Plaintiffs' proposed notice is "confusing and will mislead class members," Fluor Defendants raise the following issues, verbatim, with the proposed notice:

- On page 1 of the notice, the notice should be addressed to persons employed by Fluor Enterprises, Inc. or Fluor Daniel Maintenance Services, Inc., as Fluor Corporation did not employ anyone at the V.C. Summer Project site.
- On page 2 of the notice, under "The Class Claims," the first sentence should read "This notice concerns class claims of employees terminated without cause from the VC Summer Facility . . .," which more accurately states the nature of Plaintiffs' claims as Fluor Defendants did provide notice to employees laid off as a result of the closure.
- On pages 3 and 5 of the notice, Plaintiffs Darron Eigner, Jr. and Bernard A. Johnson should not be included whether their claims are dismissed pursuant to Fluor Defendants' pending Motion to Compel, or they are removed as Named Plaintiffs, as suggested by Plaintiffs in their Response to Fluor Defendants' Motion to Compel.
- On page 4 of the notice, the notice should include additional information regarding Fluor Defendants' defenses to Plaintiffs' claims, which is required by Rule 23.
- On page 4 of the notice and on the [e]xclusion [f]orm, Plaintiffs improperly suggest that class members will receive benefits if they choose not to opt-out of the class.
- On page 4 of the notice, the class members should be advised that their decision to remain in the class may result in discovery obligations, including responding to written discovery, appearing for a deposition, and/or being called to testify at trial. Class members may not be aware of these requirements for participating in a class action and such awareness may influence their decision on whether they wish to participate in this lawsuit, or not.
- On page 4 of the notice and on the [e]xclusion [f]orm, class members should be provided the opportunity to electronically sign and submit the Exclusion Form, as discussed above.
- On pages 4 and 5 of the notice, the opt-out deadline should be based on the date that class members postmark and/or electronically submit the [e]xclusion [f]orm, rather than the date received by Plaintiffs' counsel, as Plaintiffs' proposal improperly limits the opt-out period.

• In the proposed order, Plaintiffs propose a ten (10) day period to provide the contact information for class members. Fluor Defendants request thirty (30) days to compile the information required in this case due to the large number of plaintiffs. [3]

(ECF No. 94 at 4–5; ECF No. 148 at 4–5.) In addition to raising the aforementioned issues with the proposed notice, Fluor Defendants contest (1) Pennington Plaintiffs' need for telephone numbers to ensure that class members receive class notice because they have failed to show a "special need" for telephone numbers; and (2) the lack of a "self-addressed, stamped envelope for individuals to return" their exclusion forms, and individuals should be permitted to return the exclusion form via fax or e-mail. (ECF No. 94 at 2–3; ECF No. 148 at 2–3.) Fluor Defendants do not specifically request that the court deny Pennington Plaintiffs' Motion, however, they do request that the court "revise [Pennington] Plaintiffs' proposed class notice as indicated herein." (ECF No. 94 at 5; ECF No. 148 at 5.)

Pennington Plaintiffs replied to both Fluor and SCANA Defendants on March 13, 2019. (ECF Nos. 97, 151.) First, Pennington Plaintiffs emphasize that SCANA Defendants request to delay class notice is meritless because their reliance upon *Guippone* is misplaced because "summary judgment motions are not within sight." (ECF No. 97 at 5–6; ECF No. 151 at 5–6.) Pennington Plaintiffs urge the court to rely upon *Ramcharan v. A.F.L. Quality, Inc.*, C/A No. 12–7551 (RMB/AMD), 2015 WL 4275534, at *1–3 (D.N.J. Apr. 14, 2015). (ECF No. 97 at 6–7; ECF No. 151 at 6–7.) Second, Pennington Plaintiffs also note that Fluor Defendants' objection to telephone numbers conflates notice under Rule 23 of the Federal Rules of Civil Procedure with that under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. §§ 201–219. (ECF No. 97 at 9–10; ECF No. 151 at 9–10.) Third, based upon their proposal to utilize First-Class Mail and then use

---

[3] Fluor Defendants provided the court with their proposed revisions in an edited version of Pennington Plaintiffs' proposed class notice. (ECF Nos. 94-1, 148-1.)

email for mail returned as undeliverable, Pennington Plaintiffs agree that "emailing the opt out form should be permissible" for those receiving class notice by means of email or those receiving notice by mail with time constraints. (ECF No. 97 at 11–12; ECF No. 151 at 11–12.) As it relates to providing an exclusion form with an envelope and paid postage, Pennington Plaintiffs complain that such an endeavor would be a "waste" because they should not have to "bear the expense of the paper, printing, stuffing, and stamping of thousands of envelopes that will never be used." (ECF No. 97 at 12; ECF No. 151 at 12.) Lastly, Pennington Plaintiffs responded to Fluor Defendants' numerous challenges to the class notice by either proposing a revision or suggesting that a revision is unwarranted. (ECF No. 97 at 14–17; ECF No. 151 at 14–17.) Neither SCANA nor Fluor Defendants responded to Pennington Plaintiffs' Reply. Because this matter has been extensively briefed, it is now ripe for the court's review. *See generally Sauls v. Wyeth Pharm., Inc.*, 846 F. Supp. 2d 499, 501 (D.S.C. 2012) ("The parties have fully briefed the issues, and this matter is ripe for consideration.").

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, when a class action is certified pursuant to Rule 23(b)(3), "the court must direct class members *the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort*." FED. R. CIV. P. 23(c)(2)(B) (emphasis added). Additionally, pursuant to Rule 23(c)(2)(B), class members certified under Rule 23(b)(3) are entitled "to withdraw from the class at their option." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) (citing FED. R. CIV. P. 23(c)(2)(B)). *See also Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1127 (9th Cir. 2017) ("Courts adjudicating such actions must provide notice that a class has been certified and an opportunity for absent class members to withdraw from the class." (citing *Dukes*, 564 U.S. at 362)).

As it relates to the specific means of providing notice to class members, class notice may be transmitted "by one or more of the following: United States mail, electronic means, or other appropriate means." FED. R. CIV. P. 23(c)(2)(B). The Federal Rules of Civil Procedure further provide that the substantive contents of the notice must "clearly and concisely state in plain, easily understood language" the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

FED. R. CIV. P. 23(c)(2)(B)(i)–(vii). While the Rule 23(c)(2)(B) mandates the inclusion of specific information within a class notice, the contents of the notice must still avoid "[e]xcessive detail and contingencies . . . ." *Scott v. Family Dollar Stores, Inc.*, C/A No. 3:08-CV-540-MOC-DSC, 2017 WL 4126359, at *2 (W.D.N.C. Feb. 21, 2017). Indeed, Rule 23 does not require "that class members be made cognizant of every material fact that has taken place prior to the notice." *In re Deepwater Horizon*, 739 F.3d 790, 819 (5th Cir. 2014) (quoting *In re Corrugated Container Antitrust Litig.*, 611 F.2d 86, 88 (5th Cir. 1980)). Nevertheless, in order to ensure the effectiveness of class notice, "Rule 23 'accords a wide discretion to [a federal] [d]istrict [c]ourt as to the form and content of the notice.'" *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1350–51 (9th Cir. 1980)). *See also In re "Agent Orange" Prod. Liab. Litig. MDL No. 381*, 818 F.2d 145, 168 (2d Cir. 1987) (stating that Rule 23 "accords considerable discretion to a district court in fashioning notice to a class" (citation omitted)).

"The legal standards for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are coextensive and substantially similar." *DeJulius v. New Eng. Health*

*Care Emps. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) (citation omitted). As such, the notice requirements embodied within Rule 23 are "not [] discretionary consideration[s]," but are "unambiguous requirement[s]." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974). Consistent with the aforementioned propositions, the United States Supreme Court has declared that "the express language and intent of Rule 23(c)(2) leave no doubt that individual notice must be provided to those class members who are identifiable *through reasonable effort.*" *Id.* at 175 (emphasis added). As inherent to "reasonable effort," when parties remain adversarial, "[t]he usual rule is that a plaintiff must initially bear the cost of notice to the class" because it is "part of the ordinary burden of financing his own suit." *Id.* at 178–79.

## III. DISCUSSION

### A. <u>The Timing of Pennington Plaintiffs' Class Notice</u>

The first issue before the court is whether class notice should be disseminated at this time. (*See* ECF Nos. 93, 97, 147, 141.) SCANA Defendants contend that the court should not issue class notice at this time because summary judgment motions have not yet been briefed or resolved, while Pennington Plaintiffs vigorously maintain that it is appropriate to notify class members of the instant action. (*Compare* ECF No. 93 at 4, *and* ECF No. 147 at 4, *with* ECF No. 97 at 5–6, *and* ECF No. 151 at 5–6.) SCANA Defendants, however, do not bring any opposition as to the contents of Pennington Plaintiffs' proposed notice. (*See* ECF Nos. 93, 147.)

The Federal Rules of Civil Procedure do not proscribe a specific time during which class notice may be disseminated to class members certified under Rule 23(b)(3). *See* FED. R. CIV. P. 23(c)(2)(B). *See also R&D Bus. Sys. v. Xerox Corp.*, 150 F.R.D. 87, 91 (E.D. Tex. 1993) ("Fed. R. Civ. P. 23(c)(2) does not specify when notice must be sent, leaving that decision to the sound discretion of the [c]ourt and the circumstances of the particular case." (citing *Rivera v. Patino*, 524

F. Supp. 136, 150 (N.D. Cal. 1981); *Cusick v. N.V. Nederlandsche Combinatie Voor Chemische Industrie*, 317 F. Supp. 1022, 1024 (E.D. Pa. 1970))). Specifically, Rule 23 is noticeably silent as to whether class notice should issue *before* or *after* any summary judgment dispositions. *See* FED. R. CIV. P. 23(c)(2)(B). Likewise, the United States Court of Appeals for the Fourth Circuit is also silent as to *when* notice should issue to class members certified under Rule 23(b)(3). However, several federal appellate courts have stated that notice should issue well before a federal district court reaches the merits of a case and can bind class members with a formal decision. *See Brown v. Colegio de Abogados de P.R.*, 613 F.3d 44, 51 (1st Cir. 2010); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1078 (11th Cir. 2000); *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995); *Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172, 180 (3d Cir. 1994). The general rule is that notice should issue swiftly after class certification and before a formal determination on the merits. *See McKinney v. U.S. Postal Serv.*, 292 F.R.D. 62, 68 (D.D.C. 2013); *Tylka v. Gerber Prods. Co.*, 182 F.R.D. 573, 579 (N.D. Ill. 1998). *See also* 7AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1788 (3d ed. 2005) ("Thus, notice must be sent long before the merits of the case are adjudicated."). But, in some cases, "circumstances may require a special timetable because the court is forced to balance the competing interests of notice and prejudice." *Tylka*, 182 F.R.D. at 579. In determining whether to delay notice, generally, federal courts balance and consider whether a party will be harmed by the issuance of notice and whether the class will be harmed from a delay in notice. *See R&D Bus. Sys.*, 150 F.R.D. at 91 (citations omitted). At all times, a federal court must allow class members "an opportunity to present their objections" and "a reasonable time . . . to make their appearance." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

In this case, SCANA Defendants do not allege, in any concrete way, that they will be

*harmed* by the issuance of class notice. (*See* ECF No. 93 at 5–6; ECF No. 147 at 5–6.) SCANA Defendants only believe that, until discovery is completed and summary judgment is decided, "the [c]ourt [will] lack the necessary information to determine whether potential class members were 'employees of Defendants' or 'affected employees' who meet the class definition as certified in this case." (ECF No. 93 at 6 (citing ECF No. 133 at 11); ECF No. 147 at 6 (citing ECF No. 133 at 11).) These concerns do not suggest that SCANA Defendants will be harmed by the issuance of class notice, but rather concern a defense put forth by SCANA Defendants and the underlying merits of the dispute. (*See* ECF No. 93 at 5–6; ECF No. 147 at 5–6.) Indeed, SCANA Defendants even state that "a revised notice would need to be sent to class members to redefine the nature of the action and the class claims, issues, or defenses" if they prevail on a summary judgment motion. (*See* ECF No. 93 at 6; ECF No. 147 at 6.) While SCANA Defendants' concern about a revised notice may be sincere, Pennington Plaintiffs would bear the costs of any revised notices that may issue. *See Eisen*, 417 U.S. at 178–79. SCANA Defendants' failure to show any harm in the event that class notice is issued is insufficient to delay the delivery of notice. *See Adoma v. Univ. of Phx., Inc.*, No. CIV. S–10–0059 LKK/GGH, 2010 WL 4054109, at *4 (E.D. Cal. Oct. 15, 2010) ("The defendants have not demonstrated that they will suffer any irreparable harm if class notice is disseminated.").

On the other hand, class members would be harmed by a further delay in notice because they were allegedly harmed on or about July 31, 2017, which is when they were terminated, and this action has been on the court's docket since August 8, 2017, it is now June 2019. (*See* ECF Nos. 1, 41.) Moreover, the court has already certified the class, which delineates class membership, and the parties are actively engaged in discovery. *Pennington*, 327 F.R.D. at 94–95. Accordingly, the court discerns a great harm to class members if there is further delay in class notice because it

has been two years since the commencement of this action. *See Beltran v. InterExchange, Inc.*, C/A No. 14–cv–03074–CMA–CBS, 2018 WL 1704633, at *5–6 (D. Colo Apr. 9, 2018) (discerning "no reason to delay class notification" when waiting on an appellate court's ruling would "unacceptably further delay the resolution of [the] litigation"); *In re Home-Stake Prod. Co. Sec. Litig.*, 76 F.R.D. 351, 380 (N.D. Okla. 1977) ("It is well established that notice must be distributed to all class members at the earliest possible time." (citation omitted)). This harm to class members favors the imminent issuance of class notice. *See Beltran*, 2018 WL 1704633, at *5–6. Because there is a great harm to class members and SCANA Defendants have failed to show any harm to themselves, notice should issue at this time. *See id*; *Adoma*, 2010 WL 4054109, at *4; *Tylka*, 182 F.R.D. at 579; *R&D Bus. Sys.*, 150 F.R.D. at 91.

The parties vigorously dispute the cases upon which the court should rely upon. (*Compare* ECF No. 93 at 5–6, *and* ECF No. 147 at 5–6, *with* ECF No. 97 at 6–7, *and* ECF No. 151 at 6–7.) SCANA Defendants submit that the court should rely upon *Guippone*, while Pennington Plaintiffs forcefully argue that the court should reject *Guippone* and rely upon *Ramcharan*. (*Compare* ECF No. 93 at 5–6, *and* ECF No. 147 at 5–6, *with* ECF No. 97 at 6–7, *and* ECF No. 151 at 6–7.) In *Guippone*, a case involving the WARN Act, the United States District Court for the Southern District of New York stayed the transmission of class notice "pending the court's ruling on any motion that [a] defendant [] may bring for summary judgment." 2011 WL 1345041, at *8. Even though, like the case here, a joint-employer theory was at issue, the court was advised by counsel that they were "indeed planning to make [] a motion" for summary judgment on a number of issues at the close of discovery. *Id.* The *Guippone* court cites no legal authority when deciding to stay the dissemination of class notice. *See id.* In contrast, on reconsideration of a prior decision staying notice to class members, the *Ramcharan* court noticed that numerous cases were not addressed by

the *Guippone* court, and its prior reliance upon *Guippone* was misplaced. 2015 WL 4275534, at *4. Changing its earlier decision to stay the issuance of class notice, the *Ramcharan* concluded, in light of the prevalent legal authority, that class members should be notified of the class action "in advance of the summary judgment motion that may determine [a party's] liablity . . . ." *Id.* Given the lack of legal authority addressed by the *Guippone* court and conclusory nature of the opinion, the court declines to follow down its path. *See* 2011 WL 1345041, at *8. Moreover, unlike the *Guippone* court, this court has not been directly advised by counsel of any summary judgment motions that will be made at the close of discovery, whenever that may be completed among the various parties. *Id.* For this case, *Ramcharan* is a well-reasoned decision—and is the better reasoned decision for that matter—because it provides a thorough examination of the competing considerations for the timing of class notice. *See* 2015 WL 4275534, at *1–5. SCANA Defendants' reliance upon *Guippone* is, at best, misplaced, and, after careful consideration, the court declines to follow that decision for this specific dispute.

Although Rule 23 does not provide a specific time for the transmission of class notice, it certainly does not foreclose the delivery of notice before summary judgment proceedings. *See* Fed. R. Civ. P. 23(c)(2)(B). Moreover, were the court to adopt SCANA Defendants' position regarding a delayed issuance of class notice, there would be constitutional ramifications concerning the due process rights of class members. *See DeJulius*, 429 F.3d at 944; *Johnson v. Gen. Motors Corp.*, 598 F.2d 432, 438 (5th Cir. 1979) ("Before an absent class member may be forever barred from pursuing an individual damage claim, however, *due process requires that he receive some form of notice that the class action is pending* and that his damages claims may be adjudicated as part of it." (emphasis added)). The court declines to go down such a questionable path that can be easily avoided with the swift, forthcoming dissemination of class notice. *See generally Bell Atl. Md., Inc.*

*v. Prince George's Cty., Md.*, 212 F.3d 863, 865 (4th Cir. 2000) ("[C]ourts should avoid deciding constitutional questions unless they are essential to the disposition of a case." (citation omitted)). For these reasons, it is appropriate for the issuance of class notice at this time, and SCANA Defendants' argument is contrary to the weight of authority and, therefore, strikingly unpersuasive.

**B. The Contents and Alleged Deficiencies of Pennington Plaintiffs' Class Notice**

**i. The Current and General Contents of the Class Notice**

The Federal Rules of Civil Procedure specifically require that Pennington Plaintiffs' class notice must "clearly and concisely state in plain, easily understood language" the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

FED. R. CIV. P. 23(c)(2)(B)(i)–(vii). First, as it relates to the "nature of the action," the second page of the notice includes language specifying that the dispute involves the violation of "rights under the Federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("Warn Act") and this action seek[s] to recover 60 days' wages and ERISA benefits . . . ." (ECF No. 89-2 at 2; ECF No. 143-2 at 2.) On the first page, the notice is specifically geared to those employees who worked at V.C. Summer. (ECF No. 89-2 at 1; ECF No. 143-2 at 1.) The court finds that this language is sufficient to describe "the nature of the action" because it directly states who is involved and the federal laws at issue. (*See* ECF No. 89-2 at 1–2; ECF No. 143-2 at 1–2.) Second, examining the "definition of the class certified," on the first and fourth pages, the proposed notice uses the exact same language that the court has approved for defining the certified class. (*Compare* ECF No. 89-2 at 1, 4, *and* ECF No. 143-2 at 1, 4, *with Pennington*, 327 F.R.D. at 95, *and* ECF No. 133 at 11.) In its current form, the class notice does not contain anything regarding Fluor and

SCANA Defendants' defenses, which is required by Rule 23(c)(2)(B)(iii). (*See* ECF No. 89-2 at 2–5; ECF No. 143-2 at 2–5.) However, the court addresses that issue fully in the next section because Fluor Defendants have raised it as a problem with Pennington Plaintiffs' class notice. *See infra* Part III.B.ii.a. On the fourth page, Pennington Plaintiffs' notice explicitly states that class members "may appear by [his or her] own counsel if [he or she] [is] a [c]lass [m]ember," which thereby satisfies the requirement of advising class members that they may appear in the action through legal counsel. (ECF No. 89-2 at 4; ECF No. 143-2 at 4.)

Rule 23(c)(2)(B) expressly requires class notice to state that "the court will exclude from the class any member who requests exclusion[.]" FED. R. CIV. P. 23(c)(2)(B)(v). As stated by the Supreme Court, this is an "unambiguous requirement." *Eisen*, 417 U.S. at 176. Pennington Plaintiffs' proposed notice does not include anything saying that "the court will exclude from the class any member who requests exclusion." (*See* ECF No. 89-2 at 4–6; ECF No. 143-2 at 4–6.) As discussed in more detail below, Pennington Plaintiffs' notice is revised to conform with Rule 23(c)(2)(B)(v). *See infra* Part III.B.ii.b. With respect to "the time and manner for requesting exclusion," Pennington Plaintiffs' proposed notice specifically instructs class members to "sign [a] form below and mail it by First[-]Class Mail to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 100117, (212)[-]245-1000, Attn: Rene S. Roupinian" in order to obtain exclusion from the class action. (ECF No. 89-2 at 4; ECF No. 143-2 at 4.) Currently, the due date of the exclusion form is left blank. (*See* ECF No. 89-2 at 4–5; ECF No. 143-2 at 4–5.) While the "manner for requesting exclusion" is sufficient based upon the language above, the "time" for requesting exclusion must be expressly decided upon. FED. R. CIV. P. 23(c)(2)(B)(vi). This issue is addressed in more detail below. *See infra* Part III.B.ii.b. Lastly, Pennington Plaintiffs' class notice explicitly states that those who are not excluded are "automatically . . . a [c]lass

[m]ember and [] bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the case . . . ." (ECF No. 89-2 at 4; ECF No. 143-2 at 4.) In accordance with the Federal Rules of Civil Procedure, the aforementioned language is sufficient to inform class members of "the binding effect of a class judgment on members under Rule 23(c)(3)." FED. R. CIV. P. 23(c)(2)(B)(vii).

Based upon these findings, Pennington Plaintiffs' class notice "clearly and concisely" conveys the nature of the action, definition of the class certified, class claims at issue, opportunity for class members to appear through an attorney, manner for requesting exclusion, and binding effect of a class judgment. FED. R. CIV. P. 23(c)(2)(B)(i)–(iv), (vi)–(vii). However, Pennington Plaintiffs' class notice is problematic as it relates to "clearly and concisely" explaining the defenses of SCANA and Fluor Defendants, the court's compulsory exclusion of class members requesting exclusion, and the time for requesting exclusion. FED. R. CIV. P. 23(c)(2)(B)(iii), (v), (vii). Accordingly, Pennington Plaintiffs' original notice must be denied unless it conforms with the revisions set forth in their Reply Memorandum of Law (ECF Nos. 97, 151) and this court's Order and Opinion.

### ii. <u>Fluor Defendants' Identification of Alleged Deficiencies of the Class Notice</u>

Turning to the arguments raised by Fluor Defendants regarding Pennington Plaintiffs' class notice, Fluor Defendants raise approximately nine (9) issues with the proposed notice. (ECF No. 94 at 4–5; ECF No. 148 at 4–5.) First, the court addresses each of Fluor Defendants' contentions in turn. *See generally Stuart v. State Farm Fire & Cas. Co.*, Case No. 4:14-cv-4001, 2019 WL 2427956, at *3–9 (W.D. Ark. June 10, 2019) (addressing each specific challenge to a class notice under Rule 23). After discussing Fluor Defendants' objections to the class notice, the court then

revises a specific aspect of Pennington Plaintiffs' proposed notice to conform with the Federal Rules of Civil Procedure and resolves other issues of concern. *See infra* Part III.B.ii.b.

### a. *Fluor Defendants' Objections to Deficiencies of the Class Notice*

First, Fluor Defendants take issue with the notice containing a direct reference to Fluor Corporation. (ECF No. 94 at 6; ECF No. 148 at 6.) However, because Fluor Corporation remains a party to this action, it is properly included within the notice. *See generally Anderson-Butler v. Charming Charlie Inc.*, C/A No. 2:14–01921 WBS AC, 2015 WL 4599420, at *7 (E.D. Cal. July 29, 2015) (approving a proposed notice when "[t]he full notice explain[ed] the proceedings"). Second, as it specifically relates to the class claims at issue, Fluor Defendants wish to indicate that the claims involve whether terminated employees were terminated "without cause" as opposed to "without notice," which was included in the proposed class notice. (*Compare* ECF No. 89-2 at 2, *and* ECF No. 143-2 at 2, *with* ECF No. 94 at 4, *and* ECF No. 148 at 4.) Pennington Plaintiffs expressly agree to modify its original language from "without notice" to "without 60 days' notice." (ECF No. 97 at 14; ECF No. 151 at 14.) The court concurs that this change accurately reflects the true nature of the class claims, which is whether terminated employees received sufficient notice under the WARN Act. (ECF No. 41 at 22 ¶ 124.) Thus, the court approves Pennington Plaintiffs' change to the class notice and partly sustains Fluor Defendants' objection.

Third, Fluor Defendants request that Plaintiffs Darron Eigner, Jr. and Bernard A. Johnson be excluded from the class notice because they may be removed as named plaintiffs from the action. (ECF No. 94 at 4; ECF No. 148 at 4.) To date, there is a pending Motion to Remove Named Plaintiffs before the court. (ECF Nos. 109, 161.) However, Pennington Plaintiffs agree "to conform the notice to any determination of the [c]ourt concerning [those] individuals prior to distribution." (ECF No. 97 at 15; ECF No. 151 at 15.) Thus, because of their agreement to follow the court's

decision, the court orders Pennington Plaintiffs to remove Plaintiffs Darron Eigner, Jr. and Bernard A. Johnson from the notice if they are ultimately removed as named plaintiffs by the court. Accordingly, Fluor Defendants' objection is sustained in this respect.

Fourth, Fluor Defendants object to the class notice because it lacks their applicable defenses. (ECF No. 94 at 4; ECF No. 148 at 4.) Pennington Plaintiffs responded to Fluor Defendants' concern by expressly agreeing to a revision and provided the court with a revision that included some of the defenses of Fluor and SCANA Defendants. (ECF No. 97 at 15; ECF No. 151 at 15.) The proposed revision complies with Rule 23(c)(2)(B)(iii), which the court determined was needed in the preceding section. *See supra* Part III.B.i. Accordingly, the court approves this revision to the class notice because it complies with the Federal Rules of Civil Procedure.

Fifth, Flour Defendants argue that the current class notice "improperly suggest[s] that class members will receive benefits if they choose not to opt [] out of the class." (ECF No. 94 at 4; ECF No. 148 at 4.) However, Pennington Plaintiffs' class notice is clearly conditional on a number of factors because it explicitly states that class members "will receive whatever benefits *to which* [*they*] *may* be entitled as a member of the class *and if* [he or she is] determined to be eligible as a [c]lass [m]ember." (ECF No. 89-2 at 4; ECF No. 143-2 at 4.) Additionally, the proposed notice expressly states the following to class members as it pertains to opting out of the action:

> If you do nothing, you automatically will be a [c]lass [m]ember and be bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the case, except that, before court approval or any proposed settlement, you, as a [c]lass [m]ember, will receive notice of that proposed settlement and will be afforded an opportunity to object to it.

(ECF No. 89-2 at 4; ECF No. 143-2 at 4.) The aforementioned language does not "improperly suggest" that class members will receive benefits for not opting out because it plainly conditions any benefits by using the words "may" and "if." (ECF No. 89-2 at 4; ECF No. 143-2 at 4.)

Moreover, the notice makes clear that class members are bound by favorable and unfavorable judgments from the court. (ECF No. 89-2 at 4; ECF No. 143-2 at 4.) Accordingly, Fluor Defendants' fifth objection to the class notice is wholly without merit and at odds with the proposed notice's express language.

Sixth, Fluor Defendants wish for the class notice to inform class members that they may be subject to "discovery obligations." (ECF No. 94 at 4–5; ECF No. 148 at 4–5.) Generally, in a class action arising under Rule 23 of the Federal Rules of Civil Procedure, "[a]bsent a showing of [a] particularized need, the [c]ourt will not permit general discovery from passive class members." *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993). *See also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985) ("Unlike a defendant in a normal civil suit, an absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection."); *City of Farmington Hills Emps. Ret. Sys. v. Wells Fargo Bank, N.A.*, Civ. No. 10–4372 (DWF/JJG), 2012 WL 12898811, at *3 (D. Minn. July 27, 2012) ("Therefore, despite Defendant's heavy reliance on Rule 26, discovery of absent class members is disfavored and Rule 26's guidance is only tangentially relevant." (citations omitted)); *Kline v. First W. Gov't*, No. Civ. A. 83-1076, 1996 WL 122717, at *2 (E.D. Pa. Mar. 11, 1996) ("[U]pon survey of the cases, it is safe to state that discovery of absent class members is disfavored."). Fluor Defendants fail to show any "particularized need" for including discovery information within the class notice and, certainly, have not successfully rebutted the general disfavor of placing discovery obligations upon class members. *See Phillips Petroleum Co.*, 472 at 810; *City of Farmington Hills Emps. Ret. Sys.*, 2012 WL 12898811, at *3; *Kline*, 1996 WL 122717, at *2. Thus, the court declines to place any discovery obligations within the class notice and finds Fluor Defendants' request unsupported by

the current trend in case law. *See generally Graham v. Hall's S. Kitchens, LLC*, C/A No. 2:18-cv-02621-RMG, 2018 WL 6177971, at *3 (D.S.C. Nov. 27, 2018) (declining to place language involving discovery obligations within a class notice for a collective action under the FLSA).

Seventh, Fluor Defendants request that class members "be provided [with] the opportunity to electronically sign and submit the [e]xclusion [f]orm." (ECF No. 94 at 5; ECF No. 148 at 5.) Pennington Plaintiffs, on the other hand, submit that an electronic exclusion form is unwarranted because they "have not asked for electronic transmission of the class notice," but insist upon sending notice by means of First-Class Mail. (ECF No. 97 at 11; ECF No. 151 at 11.) Pennington Plaintiffs emphasize that "[a]nyone who wishes to steer clear of the class action, can put a stamp on an envelope and drop the form in the mail." (ECF No. 97 at 12; ECF No. 151 at 12.) The Federal Rules of Civil Procedure permits the transmission of class notice "*by one or more* of the following: United States mail, electronic means, or other appropriate means." FED. R. CIV. P. 23(c)(2)(B) (emphasis added). While Rule 23 permits the use of electronic means for the dissemination of class notice, it does not mandate a plaintiff to honor the transmission requests of a defendant. *See id.* Here, Pennington Plaintiffs expressly indicate that they are willing to permit an electronic means for class members to opt out when that class member receives notice by email and not through the postal channels. (ECF No. 97 at 11; ECF No. 151 at 11.) Because Pennington Plaintiffs seem to agree that a means of electronic exclusion may be necessary, the court will sustain Fluor Defendants' challenge, but only as it relates to those class members who receive notice through electronic means. Thus, Pennington Plaintiffs are directed to create an electronic, exclusion form. *See generally Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." (citation omitted)).

Eighth, Fluor Defendants request that the opt-out deadline "be based on the date that class members postmark and/or electronically submit the [e]xclusion [f]orm, rather than the date received by Plaintiffs' counsel, as Plaintiffs' proposal improperly limits the opt-out period." (ECF No. 94 at 5; ECF No. 148 at 5.) In response to Fluor Defendants' suggestion, Pennington Plaintiffs expressly agree to Fluor Defendants' proposal. (ECF No. 97 at 16; ECF No. 151 at 16.) Specifically, Pennington Plaintiffs submit a proposed revision that states that the exclusion form "must be postmarked no later than[] [deadline date][,] 2019." (ECF No. 97 at 16; ECF No. 151 at 16.) The court concurs that this change appropriately notifies class members of "the time and manner for requesting exclusion." FED. R. CIV. P. 23(c)(2)(B). Thus, the court approves Pennington Plaintiffs' change to the class notice and partly sustains Fluor Defendants' objection in this regard. *See Murphy v. LenderLive Network, Inc.*, C/A No. 13–cv–03135–RBJ, 2014 WL 539615, at *7 (D. Colo. Oct. 22, 2014)

Lastly, but certainly not least, Fluor Defendants request thirty (30) days to compile the contact information for class members, while Pennington Plaintiffs propose ten (10) days. (*Compare* ECF No. 94 at 5, *and* ECF No. 148 at 5, *with* ECF No. 97 at 17, *and* ECF No. 151 at 17.) Fluor Defendants propose thirty (30) days because of the "large number of plaintiffs." (ECF No. 94 at 5, ECF No. 148 at 5.) Pennington Plaintiffs believe that ten (10) days is sufficient because Fluor Defendants "had eight months to compile the class list." (ECF No. 97 at 17; ECF No. 151 at 17.) Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). Generally, the scope of discovery under Rule 26 is broad. *See Moore v. Bass Pro Outdoor World, LLC*, C/A No. 2:17-cv-3228-RMG, 2018 WL 2980328, at *1 (D.S.C. June 14, 2018) (citations omitted). Federal district courts have "wide

latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 683 (4th Cir. 1986). *See also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). Here, the parties *do not dispute whether Pennington Plaintiffs should have access to the class members' contact information*, *but only dispute the time* in which Fluor Defendants must provide that information. (*Compare* ECF No. 94 at 5, *and* ECF No. 148 at 5, *with* ECF No. 97 at 17, *and* ECF No. 151 at 17.) Pursuant to its "wide latitude in controlling discovery," the court will permit Fluor Defendants with thirty (30) days to provide Pennington Plaintiffs with the contact information of class members, which the court expects to be organized and correct information, because, according to their own representation, there is a "large number of plaintiffs." *Ardrey*, 798 F.2d at 683.

**b. <u>*The Court's Revisions to the Class Notice & Other Issues of Concern*</u>**

In addition to the foregoing set forth above, the court takes the opportunity to revise Pennington Plaintiffs' class notice, order the parties to agree upon a postmark deadline for opt-out period, address the disagreement among the parties concerning the use of telephone numbers, and determine whether Pennington Plaintiffs should include paid postage for the exclusion form that will be delivered to class members. *See generally King v. Credit Card Receivables Fund, Inc.*, No. 12–61834–Civ., 2013 WL 5761367, at *1 (S.D. Fla. Oct. 1, 2013) (adding "modifications" to class notice); *Adoma*, 2010 WL 4054109, at *3–4 (changing aspects of a class notice evaluated under Rule 23). First, the Federal Rules of Civil Procedure expressly require that "the court will exclude from the class any member who requests exclusion[.]" Fed. R. Civ. P. 23(c)(2)(B)(v). Pennington Plaintiffs' notice contains nothing about how the court is compelled to exclude any class member requesting exclusion. (*See* ECF No. 89-2 at 4–6; ECF No. 143-2 at 4–6.) Accordingly, the court

modifies Pennington Plaintiffs' class notice to include a sentence pertaining to the court's affirmative obligation under the Federal Rules of Civil Procedure to exclude class members desiring exclusion, and the revision is included under the section entitled "WHAT TO DO." (*See* ECF No. 89-2 at 4–6; ECF No. 143-2 at 4–6.) In order to ensure that class notice includes the time parameters for exclusion, which is an express requirement of Rule 23(c)(2)(B), the court orders the parties to decide upon the postmark deadline for exclusion from the class action. FED. R. CIV. P. 23(c)(2)(B)(vi).

Secondly, there is disagreement among the parties regarding Pennington Plaintiffs' access to the telephone numbers of class members and whether paid postage for the exclusion form should accompany the class notice. (*Compare* ECF No. 94 at 2–4, *and* ECF No. 148 at 2–4, *with* ECF No. 97 at 8–12, *and* ECF No. 151 at 8–12.) Under the FLSA, where class members are required to opt in a class action and not opt out, federal district courts are divided as to whether plaintiffs should have access to the telephone numbers of class members, and, therefore, some courts require plaintiffs to show "special circumstances" for the telephone numbers. *Compare Cedillos-Fuevara v. Mayflower Textile Servs., Co.*, C/A No. GLR–14–196, 2014 WL 7146968, at *4 (D. Md. Dec. 12, 2014), *and Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 10–11 (D.D.C. 2010) (finding that the plaintiffs failed to show a "special need for the disclosure of class members' telephone numbers to facilitate providing them with notice of the suit"), *with Craighead v. Full Citizenship of Md., Inc.*, 2018 WL 925416, at *3 (D. Md. Feb. 16, 2018) (not requiring a showing of "special needs" for plaintiffs to receive telephone numbers for class members under the FLSA), *and Boyd v. SFS Commc'ns, LLC*, C/A PJM 15-3068, 2017 WL 386539, at *3 (D. Md. Jan 27, 2017) (same). However, under Rule 23 of the Federal Rules of Civil Procedure, federal courts have permitted plaintiffs to have access to telephone numbers and have not required a showing of a "special need."

*See Minter v. Wells Fargo Bank, N.A.*, 283 F.R.D. 268, 275–76 (D. Md. 2012) (permitting class counsel to utilize social security numbers and phone numbers "to locate class members whose contact information is not available"). This dichotomy likely exists because—as opposed to the FLSA's statutory scheme, which requests potential class members to formally *opt in* the litigation—Rule 23 requires class members to receive notice of the opportunity to *opt out* of the litigation, which creates wholly different incentives for class counsel to contact class members. *Compare* FED. R. CIV. P. 23(c)(2)(B)(v) ("[T]he court will exclude from the class any member who requests exclusion . . . ."), *with* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Moreover, the United States Supreme Court has declared that "the mere possibility of abuses does not justify the routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104 (1981). Because the incentives differ and there is no requirement that plaintiffs show "special circumstances" for the telephone numbers in a Rule 23 action, pursuant to this court's authority under Rule 23(d), Fluor Defendants must provide Pennington Plaintiffs with the telephone numbers, *within its possession*, for class members, so that they can receive proper notice of the action if needed and be afforded the opportunity to opt out of the action if they so wish.[4] *See generally Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 355 (1978) ("[W]e agree . . . that Rule 23(d) also authorizes a district court in appropriate circumstances to require a defendant's cooperation in identifying the class members to whom notice must be sent."); *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 813–14 (C.D.

---

[4] The court is not concerned about any privacy concerns because they could be easily mitigated. *See generally Salazar v. McDonald's Corp.*, Case No. 14-cv-02096-RS(MEJ), 2016 WL 736213, at *5 (N.D. Cal. Feb. 25, 2016).

Cal. 2007) (recognizing the split among federal courts concerning whether class representatives should have access to telephone numbers at the precertification stage and, on balance, requiring the disclosure of the information for a Rule 23 class). *See also Minter*, 283 F.R.D. at 275–76.

Finally, the parties also cannot agree about whether Pennington Plaintiffs should be required to include paid postage for the return of the exclusion form. (*Compare* ECF No. 94 at 3–4, *and* ECF No. 148 at 3–4, *with* ECF No. 97 at 11–12, *and* ECF No. 151 at 11–12.) The Federal Rules of Civil Procedure do not mandate that plaintiffs bear the cost of paid postage for the return of an exclusion form. *See* Fed. R. Civ. P. 23(c)–(d). Currently, federal district courts seem divided on whether to require class notice to include pre-paid, pre-stamped postage for the return of an exclusion form. *Compare Murphy*, 2014 WL 5396165, at *6 (ordering class notice to include "a pre-stamped[,] pre-addressed envelope for easy return of the opt-out form in the event that the notified class member decides he or she does not want to take part in the action"), *with Hershey v. ExxonMobil Oil Corp.*, No. 07–1300–JTM, 2012 WL 1205724, at *2 (D. Kan. Apr. 11, 2012) ("The court finds that the plaintiff's proposed notice procedure is not defective on the grounds . . . [that it] does not include prepared opt-out forms along with pre-paid postage."). In *Murphy v. Lenderlive*, the United States District Court for District of Colorado ordered that the plaintiffs include a "pre-stamped[,] pre-addressed" envelope with an opt-out form. 2014 WL 5396165, at *6. Ironically, Pennington Plaintiffs' counsel was also the undersigned for the class in *Murphy*. (ECF No. 97 at 12; ECF No. 151 at 12.) According to Pennington Plaintiffs' undersigned, in *Murphy*, "[o]ne person opted out[,]" and the other pre-paid envelopments "went to waste." (ECF No. 97 at 12; ECF No. 151 at 12.) Based upon the representation from Pennington Plaintiffs' counsel and given that this class action may include five thousand (5,000) class members (ECF Nos. 1, 41), a significantly larger class than that in *Murphy*, the court declines to require the class

notice to include pre-paid, pre-stamped postage for the return of the exclusion form because it may waste economic resources. *See Murphy*, 2014 WL 5396165, at *1–3; *Hershey*, 2012 WL 1205724, at *2. For the aforementioned reasons, the court declines to order Pennington Plaintiffs to include a pre-paid, pre-stamped postage envelope for the return of the exclusion form.

In sum, based upon the foregoing, the court, *sua sponte*, revises Pennington Plaintiffs' class notice to conform with Rule 23(c)(2)(B)(v) of the Federal Rules of Civil Procedure. Additionally, the court orders Fluor Defendants to provide Pennington Plaintiffs with the telephone numbers, within their possession, of the class members. Lastly, the court declines to order Pennington Plaintiffs to include a pre-paid, pre-stamped envelope with the class notice.

## IV. CONCLUSION

After careful consideration of all the parties' positions and for the reasons set forth herein, the court **GRANTS IN PART** and **DENIES IN PART** Pennington Plaintiffs' Motion for a Supplemental Order Approving the Sending of Notice of Class Certification and Related Relief (ECF Nos. 89, 143). Specifically, the court **GRANTS** Pennington Plaintiffs' request to send class notice at this time, but the court **DENIES** the dissemination of the original notice put forth by Pennington Plaintiffs in their Motion. However, the court **GRANTS** the sending of class notice that conforms with Pennington Plaintiffs' Reply Memorandum of Law (ECF Nos. 97, 151) and this court's Order and Opinion. Further, the court **ORDERS** (1) Fluor and SCANA Defendants to provide Pennington Plaintiffs with any outstanding class information within thirty (30) days, including telephone numbers currently ***within their possession***; (2) Pennington Plaintiffs to provide class members with the availability to opt out of the action by electronic means if those class members receive electronic notice; (3) Pennington Plaintiffs to submit a proposed notice plan, which should specify when the class notice will be disseminated and a deadline for requesting

exclusion, to the court within thirty-five (35) days; (4) Pennington Plaintiffs to remove Plaintiffs Darron Eigner, Jr. and Bernard A. Johnson from the class notice if they are ultimately removed as named plaintiffs pursuant to Fluor Defendants' Motion to Remove Named Plaintiffs (ECF Nos. 109, 161); and (5) Pennington Plaintiffs and Fluor and SCANA Defendants to **jointly decide upon a mutual deadline** for the opt-out period of the class action. For the convenience of the parties, the approved notice is attached to the court's Order and Opinion, and the court **ORDERS** the parties to **jointly provide** the court with the class notice if further changes are made.

      **IT IS SO ORDERED.**


                                           *J. Michelle Childs*

                                        United States District Judge

June 20, 2019
Columbia, South Carolina