**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| Harry Pennington, III, *on behalf of himself and all others similarly situated*; and Timothy Lorentz, *on behalf of himself and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Fluor Corporation, Fluor Enterprises, Inc., SCANA Corporation, Fluor Daniel Maintenance Services, Inc., South Carolina Electric & Gas Company,<br><br>Defendants. | Civil Action No.: 0:17-cv-02094-JMC<br><br>**ORDER AND OPINION** |
| Lawrence Butler, Lakeisha Darwish, Darron Eigner, Jr., Bernard A. Johnson, and Jimi Che Sutton,<br><br>Plaintiffs,<br><br>v.<br><br>Fluor Corporation and Fluor Enterprises, Inc.,<br><br>Defendants. | Civil Action No.: 0:17-cv-02201-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court for review of Defendants Fluor Corporation, Fluor Enterprises, Inc., and Fluor Daniel Maintenance Services, Inc. (collectively, "Fluor Defendants") Motions to Remove Named Plaintiffs Darron Eigner, Jr. and Bernard A. Johnson. (ECF Nos. 109, 161.) Fluor Defendants' Motion was filed on June 5, 2019, and is unopposed by Plaintiffs Lawrence Butler, Lakeisha Darwin, Darron Eigner, Jr. ("Eigner"), Bernard A. Johnson ("Johnson"), and Jimi Che Sutton (collectively, "Butler Plaintiffs"). (ECF Nos. 109, 161.) Within the Motions, Fluor Defendants request the court to remove Eigner and Johnson as named Plaintiffs,

1

including from the case caption and on all future filings and notices related to this case, because they "have not served any further responses to Fluor Defendants' discovery requests" as mandated by the court's May Order. (*See* ECF No. 109 at 2; ECF No. 161 at 2.)

As background, Fluor Defendants filed Motions to Compel on February 1, 2019. (ECF Nos. 87, 141.) On May 3, 2019, the court granted in part and denied in part Fluor Defendants' Motions to Compel. (*See* ECF Nos. 104, 156.) *See also Pennington v. Fluor Corp.*, C/A No. 0:17-cv-02094-JMC, C/A No. 0:17-cv-02201-JMC, 2019 WL 1979674, at *1 (D.S.C. May 3, 2019). As part of the court's May Order, the court ordered Eigner and Johnson to "adequately respond to Fluor Defendants' discovery requests by **May 10, 2019, at 5:00 p.m.**" *Pennington*, 2019 WL 1979674, at *4–5 (emphasis in original). The court issued the Order because Eigner and Johnson failed to "comply with and respond to Fluor Defendants' discovery requests . . . ." *Id.* at *3. Indeed, at that time, "there [was] a mutual consensus between the parties that Eigner and Johnson [] failed to comply with Fluor Defendants' discovery requests." *Id.* (citations omitted). On June 5, 2019, Fluor Defendants filed the instant Motions to remove Eigner and Johnson from the case because they "have not served any further responses to Fluor Defendants' discovery requests . . . ." (ECF No. 109 at 2; ECF No. 161 at 2.) Butler Plaintiffs have not opposed Fluor Defendants' Motions.

Under the Federal Rules of Civil Procedure, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2). Additionally, as it specifically relates to the failure to answer interrogatories, which was at issue here (ECF Nos. 104, 156), "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3). *See also* FED. R. CIV. P. 37(b)(2)(C) (requiring a federal district

court to order the payment of "reasonable expenses, including attorney's fees," when a party fails to obey the court's discovery order unless "the failure was substantially justified or other circumstances make an award of expenses unjust"). Generally, "discovery orders, other pre-trial orders, and, indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation." *Barreto v. Citibank, N.A.*, 907 F.2d 15, 16 (1st Cir. 1990). Moreover, Rule 37 of the Federal Rules of Civil Procedure provides federal district courts with "broad discretion to fashion appropriate sanctions for violation of discovery orders; however, this discretion is guided by judicial interpretation of the rule." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Here, the court specifically required Eigner and Johnson to respond to Fluor Defendants' discovery requests by May 10, 2019, at 5:00 p.m. *Pennington*, 2019 WL 1979674, at *4–5. Based upon Fluor Defendants' Motions, which is unopposed by Butler Plaintiffs, Eigner and Johnson have failed to comply with the court's May Order. (ECF No. 109 at 2; ECF No. 161 at 2.) Given Butler Plaintiffs' lack of opposition to the Motions and the court's May Order, which warned Eigner and Johnson of the consequences of failing to comply with the May Order, the court, in its broad discretion, determines that the sanction outlined in its May Order is appropriate. *See Malautea*, 987 F.2d at 1542; *Barreto*, 907 F.2d at 16. Thus, Eigner and Johnson are removed as named Plaintiffs within this action. Additionally, as mandated by Rule 37 of the Federal Rules of Civil Procedure, the court must award reasonable expenses, including attorney's fees, to Fluor Defendants. FED. R. CIV. P. 37(d)(3).

Accordingly, the court **GRANTS** Fluor Defendants' Motions to Remove Named Plaintiffs Darron Eigner, Jr. and Bernard A. Johnson (ECF Nos. 109, 161). Therefore, pursuant to the court's May Order (ECF Nos. 104, 156), the court **DIRECTS** the Clerk of Court for the United States

District Court for the District of South Carolina to **REMOVE** Eigner and Johnson as named Plaintiffs in this action. Lastly, the court **ORDERS** Fluor Defendants and Butler Plaintiffs to provide briefing regarding the issue of attorney's fees under Rule 37 of the Federal Rules of Civil Procedure. Fluor Defendants' brief is due by **June 28, 2019,** while Butler Plaintiffs' response is due by **July 5, 2019.** Fluor Defendants may reply to Butler Plaintiffs' response by **July 10, 2019,** if they so choose.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 21, 2019
Columbia, South Carolina