# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Harry Pennington III and Timothy Lorentz, individually and on behalf of all those similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>Fluor Corporation, Fluor Enterprises, Inc., Fluor Daniel Maintenance Services, Inc., SCANA Corporation, and South Carolina Electric & Gas Company, | Civil Action No.: 0:17-cv-02094-JMC |
| Lawrence Butler, et al., individually and on behalf of all those similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>Fluor Corporation and Fluor Enterprises, Inc.,<br><br>      Defendants. | Civil Action No.: 0:17-cv-02201-JMC |

## **FOURTH AMENDED CONFERENCE AND SCHEDULING ORDER**

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this court, the following schedule is established for this case. This schedule is predicated upon the bifurcation of discovery with class certification and liability discovery proceeding first with the parties being allowed to file dispositive motions, if appropriate, at the end of that discovery phase. Damages discovery will follow, if needed, once any dispositive motions regarding liability are resolved by this court.[1]

1.  The parties have, by stipulation, agreed not to make any disclosures under Fed. R. Civ. P. 26(a)(l).

---

[1] The Parties disagree in one respect: Plaintiffs would request that Fluor produce a list showing employees' final wage amounts in phase one (class certification/liability). Fluor believes such a request should be part of damages discovery in phase two.

2. The parties will commence liability discovery **August 20, 2018**. During this period, discovery shall be conducted on all issues related to liability and defenses, including the issue of whether Defendant SCANA Corporation or South Carolina Electric & Gas Company is a single employer with the Fluor Defendants or Westinghouse Electric Company under the WARN Act. At the conclusion of this liability discovery period, if any party believes additional discovery is needed, that party may request such additional liability discovery from the court. The court, in its discretion, may approve or deny any such request for additional liability discovery after hearing from all parties.

3. Plaintiffs shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiffs expect to call as an expert at trial regarding liability and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **February 5, 2020**.[2]

4. Defendants shall file and serve a document identifying by full name, address, and telephone number each person whom Defendants expect to call as an expert at trial regarding liability and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **April 3, 2020.**

5. If evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Fed. R. Civ. P. 26(a)(2)(B), the disclosures required under Fed. R. Civ. P. 26(a)(2) shall be made within **thirty (30) days** after the disclosure made by the other party.

6. Discovery regarding the liability and class certification portion of the case shall be completed no later than **May 15, 2020**. Discovery shall be deemed completed within this time only if discovery is initiated at such time as to afford the responding party the full time provided under the applicable rule of the Federal Rules of Civil Procedure in which to respond prior to the liability discovery completion date noted in this paragraph.

7. All other motions regarding liability, except (a) those relating to the admissibility of evidence at trial and (b) those to compel discovery, shall be filed by **June 15, 2020.** (Fed. R. Civ. P. 16(b)(2)).

---

[2] Concurrent with the identification of each expert and subject matter, each party shall serve (but not file): 1) a complete copy of the most current curriculum vitae of each expert or a detailed summary of his qualifications to testify on each identified subject; 2) (a) a complete statement of all opinions to be expressed by each expert and the basis and reasons therefor; (b) the data and other information considered by the expert in forming the opinions; (c) any exhibits to be used as a summary of or support for the opinions; and (d) citations of any treatise, text, or other authority upon which each expert especially relied; and 3) a copy of each expert's report if a report has been prepared.

8. The court will schedule the hearing on any dispositive motion regarding liability on a date occurring between **August 30, 2020, and September 9, 2020.**

9. The parties will commence damages discovery on **August 31, 2020**.[3]

10. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **March 10, 2021**. Objections to such affidavits must be made by **March 24, 2021**. *(See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

11. Discovery regarding the damages portion of the case shall be completed no later than **February 26, 2021**. Discovery shall be deemed completed within this time only if discovery is initiated at such time as to afford the responding party the full time provided under the applicable rule of the Federal Rules of Civil Procedure in which to respond prior to the discovery completion date noted in this paragraph.

12. Mediation in this case shall be completed on or before **March 19, 2021**.

13. No later than **March 19, 2021**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within thirty (30) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).

14. Motions in limine must be filed no later than two (2) weeks prior to the date set for bench trial.

15. Parties shall furnish the court pretrial briefs seven (7) days prior to the date set for trial (Local Civil Rule 26.05). Attorneys shall meet at least seven (7) days prior to the date set for trial for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

16. The bench trial of these matters will occur in **April 2021**.[4]

**The court directs the parties' attention to Local Rule 7.00 which governs motion practice. Hearings on motions are not automatic. The court may decide motions without a hearing. If a party opposes a motion which has been filed, that party must file a response to the opposed motion within fourteen (14) days of the date the motion was filed. If no such response in opposition is filed, the court will assume the party consents to the court's granting the motion.**

**NOTICE: You are expected to be available for trial of this case during the month of April 2021 unless the court notifies you of a later date. If you presently have a conflict during this**

---

[3] The court intends to have ruled on all dispositive motions filed by the parties after the conclusion of liability discovery by this date. If the court has not ruled on these motions by this date, the parties may request that the remaining time periods in this Order be enlarged.

[4] Trial readiness on this date does not preclude any party from seeking a partitioned trial as to some or all issues or to seek separate trials, if necessary and appropriate.

**month, notify the court in writing within seven (7) days of the date of this Order. You will not be excused without leave of this court.**

*J. Michelle Childs*
United States District Judge

October 3, 2019
Columbia, South Carolina